## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Ideas to Go, Inc., a Minnesota corporation, | Case No. 0:12-cv-01975-MJD-TNL |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF SPIGIT, INC.'S RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM FOR VIOLATION OF 15 U.S.C. § 1114** |
| v. | |
| Spigit, Inc., a Delaware corporation, | |
| Defendant. | |

## INTRODUCTION

Count I of Plaintiff's Complaint seeks relief for trademark infringement under 15 U.S.C. § 1114, for alleged infringement of two federally registered marks containing the word "iCoN." Complaint at ¶¶ 22-26. But Plaintiff's complaint makes clear that Plaintiff owns no federal trademark registrations for these intended marks—a prerequisite to any claim under Section 1114. Without a registration, Plaintiff's claim for infringement of a federally registered trademark fails as a matter of law, and must be dismissed under Rule 12(b)(6).

## FACTUAL BACKGROUND[1]

Plaintiff Ideas to Go Inc., is an "innovation process consulting company." Complaint at ¶ 2. Defendant Spigit, Inc. produces collaborative innovation management software for businesses. Spigit's business is focused on the social enterprise market.

---

[1] For purposes of this motion, the facts alleged in the Complaint are accepted as true.

On August 14, 2012, Plaintiff commenced this lawsuit, alleging infringement of Ideas to Go's trademarks in violation of 15 U.S.C. § 1114 (Count I) and various related claims.  Yet throughout the Complaint, Plaintiff admits that it has only *applied* to register the marks.  Plaintiff alleges, for instance, that it owns "federal trademark registration applications" and it recites "serial numbers," not "registration numbers," for these applications.  Complaint ¶ 12.

According to Exhibit A of the Complaint, Ideas to Go filed applications to register two marks, "iCoN Panel" and a stylized mark, "iCoN Innovative Consumer Network" in February, 2012.   According to this exhibit, no registration number has been assigned for these marks, and under the term "Registration Date," the term "(DATE NOT AVIAILBLE)" appears.  *Id*.  A quick review of public records at the PTO website further confirms what a close reading of the Complaint makes clear—Plaintiff owns no registrations for the marks at issue.[2]

## ARGUMENT

I.   **COUNT I DOES NOT STATE A CLAIM FOR RELIEF UNDER 35 U.S.C. 1114 AND SHOULD BE DISMISSED.**

### A.   Standard of Review.

"To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to 'state a claim to relief that is plausible on its face.'"  *E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 662-63 (8th Cir. 2012), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  Rule 12(b)(6) motions should be granted where, as

---

[2] Notably, Plaintiff does not claim to have applied to register the word mark "Icon" by itself.

here, the moving party shows that, assuming the truth of all factual allegations, plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *See Parnes v. Gateway 2000*, Inc., 122 F.3d 539, 546 (8th Cir. 1997).

Although the Court must assume that all facts alleged in the Complaint are true, the Court "do[es] not, however, blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citations omitted). "[C]onclusions of law and unreasonable inferences or unwarranted deductions of fact" are not accepted as true. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir. 1968), cert. denied, 395 U.S. 961, 973 (1969).  In considering the propriety of dismissal under Rule 12(b)(6), a district court may "consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (quotation omitted).

### B.    Ideas To Go Cannot Meet The Requirement To State A Claim Under 15 U.S.C. § 1114.

To state a claim for relief under 15 U.S.C. § 1114, a claimant must be the owner of a federally registered trademark.  15 U.S.C. § 1114 ("Any person who shall, without the consent of the *registrant* . . . use in commerce any reproduction . . . of a *registered mark* . . . ." (emphases added); *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 78 (1st Cir. 1996) ("An infringement claim under section 32 [of the Lanham Act] requires that the mark be a *federally registered* trademark.") (emphasis added).

Despite the clear and unequivocal language of Section 1114, the Complaint does

3

not allege, nor could it, that Ideas to Go is the owner of a federally registered mark consisting of or containing the letters "ICON." Instead, the Complaint and its exhibits demonstrate that Plaintiff has only *applied* for trademarks. As Attachment A to Plaintiff's Complaint shows, the stylized design mark is not federally registered, and neither is Plaintiff's claimed "iCoN Panel" mark. Instead, Ideas to Go has merely applied for federal "intent to use" registrations of these marks, and attached only notices of its applications to its Complaint. Similarly, the Complaint alleges only that "Ideas to Go owns several federal trademark registration *applications*." Complaint at ¶ 12.[3] Ideas to Go is not the registrant of, and no federal registrations exist for the marks alleged in the Complaint.

## CONCLUSION

Plaintiff has no federally registered trademark for the marks at issue. Without this necessary predicate, it cannot bring a claim under 15 U.S.C. § 1114 for trademark infringement. Plaintiff's Count I fails to state a claim for which relief can be granted, and it should be dismissed.

---

[3] In addition, the Court may take judicial notice of public government records even if not mentioned expressly in the pleadings. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008). A search of the United States Patent and Trademark Office's Trademark Electronic Search System confirms that Ideas to Go does not own any federally registered "ICON"-related mark and that it only has pending applications for the two marks cited in the Complaint.

Dated: September 21, 2012          By   s/ *James R. Steffen*

Jedediah Wakefield (*pending pro hac vice*)
Guinevere L. Jobson (*pending pro hac vice*)
Kathleen Lu (*pending pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94118
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

James R. Steffen (#204717)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-8508
james.steffen@FaegreBD.com

Attorneys for Defendant
Spigit, Inc.